## BENJAMIN BURTON, the Third, v. CHARLES MASON CULLEN.

Supreme Court.    Sussex.    October, 1799.

*Wilson's Red Book, 242.*

JOHNS, C. J., CLAYTON and COOPER, JJ.

*Ridgely* and *Bayard* for plaintiff. *Peery, Vining* and *Wilson* for defendant.

Plaintiff claimed the stream by patent for ten acres, called Mill Angle, granted Joshua Burton, who died intestate; his eldest, William, inherited, who died intestate, leaving a widow, now wife of Woolsey Burton and a daughter, Comfort; plaintiff, son of Woolsey and half brother of Comfort, was born June 25, 1775. Comfort died September 25, 1776. To prove the above pedigree, Woolsey Burton was called.

Defendant's counsel objected to his competency; pedigree itself cannot ever be proved by witnesses evidently interested. Woolsey Burton manages this cause, is plaintiff's father and agent, and is liable for costs; besides he is, by plaintiff's statement of his title, interested as tenant in dower, his wife being now living, and if dower is not actually laid off to her, he has a joint actual possession with plaintiff.

Plaintiff's counsel. Interest is not material in the mere proof of pedigree. Witness's attention to the cause does not make him liable for costs, and if even an agent or factor that would not disqualify him; it does not appear any person is in possession actually, but if witness was possessed or tenant in dower, a verdict in this cause would not affect him; he would gain nothing, nor could he lose by it.

PER CURIAM. JOHNS, C. J. There are two objections: first, that the witness is principally active; on this we see nothing extraordinary or tending to disqualify him. Secondly, that he is interested as tenant in dower; we think this is not an interest in this cause, but that his evidence will operate against his interest.

232

Plaintiff produced James Clayton to prove offers of Elisha Dickerson of compensation for damage and his declarations relative to the nuisance.

*Wilson.* What a party has been heard to say is evidence against him; but the declarations of an ancestor or predecessor in estate are not evidence against those who claim under him except when it regards boundary, parcel, or pedigree. The rule that hearsay is not to be admitted operates against this evidence, for the exception as to what a party has been heard to say will not authorize that which is now offered. This action, though not founded on a tort, yet is so entirely personal that defendant's wife is not joined with [him], though he claims only through her. It allows no privity of estate, it is founded on a misfeasance, and therefore defendant is not to smart for the declarations of E. Dickerson. The evidence is not on oath and not of such a nature that defendant can be supposed to know it or be prepared against it.

*Ridgely.* E. Dickerson erected the nuisance; this is a fact to be proved, and certainly his declarations and confessions must be the best evidence of it.

PER CURIAM. JOHNS, C. J. We are of opinion that no declarations of E. Dickerson as to the question of damage or the amount of it ought to be given in evidence against defendant. But as to his erection of the nuisance, you may prove his declarations.

The witness was not sworn.

Verdict, not guilty.